**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Jason S. Feinstein (ID# 038941994)
David P. Skand, Esq. (ID# 031671997)
Physical Address: 2000 Lenox Drive, Suite 203, Lawrenceville, NJ 08648
Mailing Address: P.O. Box 5404, Princeton, NJ 08543
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
Attorneys for Defendants, Terry P. Green and Green & Green, Esqs.

---

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIENNE LYONS, on behalf of herself and all others similarly situated, | CIVIL ACTION NO. |
| Plaintiff, | **DOCUMENT FILED ELECTRONICALLY** |
| vs. | |
| TERRY P. GREEN and GREEN & GREEN, ESQS., | **NOTICE OF REMOVAL** |
| Defendants. | |

**PLEASE TAKE NOTICE** that, on this date, defendants, Terry P. Green and Green & Green, Esqs. ("defendants"), by their undersigned counsel, have filed this Notice of Removal pursuant to 28 U.S.C. §1441(a), 1446, and 1453(b), in the office of the Clerk of the United States District Court for the District of New Jersey.

Defendants, by their undersigned attorneys, show:

1.     Plaintiff, Adrienne Lyons ("plaintiff"), brought an action against defendants in the Superior Court of New Jersey, Law Division, Somerset County, by filing a complaint and jury demand on or about May 16, 2018 under Docket No. SOM-L-646-18.  A true copy of plaintiff's complaint is attached as Exhibit "A."

2.     The summons, complaint, and jury demand were received by defendants on May 30, 2018. A true copy of the summons is annexed as Exhibit "B."

3.     There have been no other proceedings in this action.

4.     Plaintiff's complaint seeks damages from the defendants for alleged violations of 15 U.S.C. § 1692, et seq. (the "Fair Debt Collection Practices Act" or "FDCPA"). Plaintiff's action seeks only damages and remedies provided for by the FDCPA.

5.     Jurisdiction of the subject matter of this action is conferred on this court pursuant to 28 U.S.C. §1331 and 1441.

6.     Plaintiff's complaint also alleges a class action, and seeks certification of the alleged class. This matter is therefore also removable pursuant to 28 U.S.C. §1453(b).

7.     This notice is filed with this Court within thirty days of defendants' receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon such action or proceeding is based," as provided by 28 U.S.C. §1446(b).

8.     Upon filing this Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, defendants have also filed copies of the Notice with the Clerk of the Superior Court of New Jersey, Somerset County, 20 N. Bridge Street, P.O. Box 3000, Somerville, NJ 08876-1262, to effect removal of this action to the United States District Court Pursuant to U.S.C. §1441(a), 1446, and 1453(b).

**WHEREFORE,** Defendants, Terry P. Green and Green & Green Esqs., by their undersigned counsel respectfully request that the above-described action be removed from the

Superior Court of New Jersey, Somerset County, to the United States District Court for the District of New Jersey.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Attorneys for Defendants, Terry P. Green and Green & Green Esqs.


By: /s/  David P. Skand_____
      Jason S. Feinstein
      David P. Skand

Dated: June 27, 2018

# Exhibit "A"

David C. Ricci, Esq. – NJ Attorney ID 037622011
Law Office of David C. Ricci, LLC
51 JFK Parkway, First Floor West
Short Hills, New Jersey 07078
Tel: 973-218-2627
Fax: 973-206-6955

Christopher J. McGinn, Esq. – NJ Attorney ID 040832001
The Law Office of Christopher J. McGinn
75 Raritan Ave., Suite 220
Highland Park, NJ 08904
Tel: 732-937-9400
Fax: 800-931-2408

*Attorneys for the Plaintiff and all others similarly situated*

| | |
|---|---|
| ADRIENNE LYONS, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>TERRY P. GREEN, and GREEN & GREEN, ESQS.<br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>SOMERSET COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO. SOM-L-_____-18<br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff brings this putative class action on behalf of herself and others similarly situated for damages and other relief arising from Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

2. Defendants filed three lawsuits on behalf of the landlord against Plaintiff, each attempting to collect a separate debt for unpaid rent on a residential lease.

3. Plaintiff alleges that each lawsuit and each respective complaint is a separate violation of the Fair Debt Collection Practices Act (FDCPA) on separate alleged debts. Plaintiff further alleges that she is entitled to separate statutory damages for each lawsuit because each lawsuit alleges a claim for a different debt. For reasons of judicial economy, Plaintiff

brings her claims in one lawsuit, although she seeks three separate statutory damages awards.

4.    Plaintiff reserves the right to bifurcate each case if necessary to preserve her right to separate statutory damages awards.

## PARTIES

5.    Plaintiff Adrienne Lyons is a natural person residing in Somerset, New Jersey.

6.    Defendant Green & Green, Esqs. is law firm with its main business address at 838 Easton Avenue, Suite 100, Somerset, New Jersey, 08875.

7.    Defendant Terry P. Green is a natural person licensed to practice law in New Jersey and a principal of the law firm Green & Green, Esqs.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq., pursuant to 15 U.S.C. § 1692k(d).

9.    Venue in this action properly lies in Somerset County because it is the location of Plaintiff's residence and Defendants' law office.

## FACTUAL ALLEGATIONS

10.    Plaintiff has resided in a rental apartment owned by Woodwest Realty (Somerset Park) ("Woodwest") since 2012.

11.    At all times relevant, Plaintiff's tenancy was subject to a written lease (the "Lease") with Woodwest as "Lessor" and Plaintiff as "Lessee" and running from April 1st to March 31st.

12.    On or about May 18, 2017, Defendants filed a summary dispossess lawsuit, Docket Number SOM-LT-1178-17, on behalf of Woodwest against Plaintiff in the Somerset County Special Civil Part. A copy of the Complaint (hereinafter the "May Complaint") is attached as **Exhibit A**.

13.   The Special Civil Part served the May Complaint on Plaintiff through the U.S. mail.

14.   The May Complaint, at paragraph 9A of the Second Count, alleges that Plaintiff owed a balance due of $1,518.00 to Woodwest. Included in the $1,518.00 alleged unpaid rent are charges for "273.00 – Base Rent for February, 2017" and "273.00 – Base Rent for March, 2017."

15.   In fact, Plaintiff's base rent was $245.00 for February and March 2017.

16.   Plaintiff's rent did not increase to $273.00 per month until April 1, 2017.

17.   The LT 1178-17 Complaint overstates the amount allegedly due by $56.00 by inaccurately representing that $273.00 base rent was due for the months of February and March 2017.

18.   On or about August 23, 2017, Defendants filed a summary dispossess lawsuit, Docket Number SOM-LT-2025-17, on behalf of Woodwest against Plaintiff in the Somerset County Special Civil Part. A copy of the Complaint (hereinafter the "August Complaint") is attached as **Exhibit B.**

19.   The Special Civil Part served the August Complaint on Plaintiff through the U.S. mail.

20.   The August Complaint, at paragraph 9A of the Second Count, alleges that Plaintiff owed a balance due of $842.60 to Woodwest. Included in the $842.60.00 alleged unpaid rent is an $60.00 charge that is not identified or itemized.

21.   Because the $60.00 charge is not identified, Plaintiff cannot ascertain whether Woodwest was allowed to collect the $60.00 charge as unpaid rent in the lawsuit.

22.   On or about September 1, 2017, Defendants mailed a letter (hereinafter the "September Letter") to Plaintiff regarding the August Complaint. Plaintiff received the September Letter on or about September 2, 2017. A copy of the September Letter is attached as **Exhibit C.**

23.   The September Letter was an attempt to collect an alleged debt.

24.   The September Letter fails to disclose that the letter is a communication from a debt collector.

25.   On or about March 22, 2018, Defendants filed a summary dispossess lawsuit, Docket Number SOM-LT-775-18, on behalf of Woodwest against Plaintiff, in the Somerset County Special Civil Part. A copy of the Complaint (hereinafter the "March Complaint") is attached as **Exhibit D.**

26.   The Special Civil Part issued the Summons on or about April 6, 2018.

27.   The Special Civil Part served the March Complaint on Plaintiff through the U.S. mail.

28.   Plaintiff received the March Complaint on or about April 7, 2018

29.   The March Complaint, at paragraph 9A of the Second Count, alleges that Plaintiff owed a balance due of $1,198.84 to Woodwest.  Included in the $1,198.84 alleged unpaid rent is a $60.00 charge that is not identified or itemized, as well as allegedly unpaid rent of the following:

  $185.74 – Balance of December, 2017
  273.00 – Base Rent for January, 2018
  273.00 – Base Rent for February, 2018
  273.00 – Base Rent for March, 2018

30.   Because the $60.00 charge is not identified, Plaintiff cannot ascertain whether Woodwest was allowed to collect the $60.00 charge as unpaid rent in the lawsuit.

31.   Plaintiff's 2017 lease term ran from April 1, 2017 to March 31, 2018.

32.   By the time Plaintiff was served with the March Complaint and required to appear in the Special Civil Part, Woodwest and Plaintiff had entered into a new lease, running from April 1, 2018 to March 31, 2019.

33.    Since the 2017 lease had ended, Woodwest was precluded from seeking allegedly unpaid rent for December 2017 through March 2018 in a summary dispossess action.

34.    The inclusion of allegedly unpaid rent from a prior lease period in a summary dispossess action is deceptive, misleading and falsely represents the amount of alleged debt collectible in a summary dispossess action.

35.    Defendants have filed summary dispossess actions on behalf of another against Plaintiff and others similarly situated that sought unpaid rent in the complaints in excess of the amounts allowed in the leases.

36.    Defendants have filed summary dispossess actions on behalf of another against Plaintiff and others similarly situated that sought unidentified or unitemized amounts allegedly owed as unpaid rent in the complaints.

37.    Defendants have filed summary dispossess actions on behalf of another against Plaintiff and others similarly situated that sought allegedly unpaid rent from prior lease periods in the complaints.

38.    Defendants have mailed communications collecting or attempting to collect an alleged debt without disclosing that the notice is a communication from a debt collector.

39.    At all times relevant, Defendants regularly attempted to collect debts alleged to be owed to another.

40.    At all times relevant, Defendants regularly collected debts owed or alleged to be owed to another.

41.    At all times relevant, Defendants regularly attempted to collect debts alleged to be owed to another which were incurred primarily for personal, family or household purposes.

42. At all times relevant, Defendants regularly collected debts owed or alleged to be owed to another which were incurred primarily for personal, family or household purposes.

43. At all times relevant, Defendants used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts owed or alleged to be owed another.

44. At all times relevant, Defendants used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts incurred primarily for personal, family or household purposes owed or alleged to be owed another.

45. At all times relevant, the principal business engaged in by Defendants was the collection of debts which were incurred primarily for personal, family or household purposes.

46. The debts alleged to be owed by Plaintiff were allegedly incurred primarily for personal, family or household purposes.

47. Defendants knew or should have known that the above-mentioned acts or failures to act did not comply with the FDCPA.

48. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## CLASS ACTION ALLEGATIONS

49. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules.

50. Plaintiff brings this action on behalf of herself and all others similarly situated.

51. Plaintiff seek certification of a Class, initially defined as follows:

Each similarly situated natural person to whom Defendants sent a notice to that person at a New Jersey address collecting or attempting to collect an alleged debt on behalf of another on or after one year prior to the filing of this Complaint without disclosing that the notice is a communication from a debt collector; or against whom Defendants filed a summary dispossess lawsuit on behalf of another under a New

Jersey residential lease where the lawsuit sought as unpaid rent any of the following: (a) amounts in excess of the amounts allowed in the lease ; (b) unidentified fees or charges; or (c) unpaid rent from prior lease periods.

The Class definition may be subsequently modified or refined.

52. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

53. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

54. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    a)  Whether Defendants are debt collectors under the FDCPA;

    b)  Whether the actions of the Defendants were deceptive or would cause the least sophisticated consumer to become confused;

    c)  Whether Defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1); and

    d)  Whether Plaintiff and the putative Class are entitled to damages.

55. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

56. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

57. The claims of the Plaintiff are typical of the claims of the members of the Class.

58. Plaintiff does not have interests antagonistic to those of the Class.

59. The Class, of which Plaintiff are members, is readily identifiable.

60. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a significant experience in litigating class actions, other complex litigation, and claims of the type asserted in this action.

61. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

62. Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS CLAIMS

### FIRST COUNT
### Violations of the FDCPA

63. Plaintiff, on behalf of herself and others similarly situated, repeat and reallege all prior allegations as if set forth at length herein.

64. Defendants are "debt collectors" within the scope of the definition contained in 15 U.S.C. §1692a(6) and interpretations thereof.

65.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

66.  The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts as defined by the FDCPA.

67.  Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

68.  Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with their collection attempts against Plaintiff and others similarly situated.

69.  Defendants violated the FDCPA at 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, U.S.C. § 1692f(1) in connection with their collection attempts against Plaintiff and others similarly situated in one or more of the following ways:

   a)  Filing summary dispossess actions on behalf of another that sought unpaid rent in the complaint in excess of the amounts allowed in the lease;

   b)  Filing summary dispossess actions on behalf of another that sought unspecified fees or charges as unpaid rent in the complaint;

   c)  Filing summary dispossess actions on behalf of another that sought allegedly unpaid rent from prior lease periods in the complaint;

   d)  Sending notices collecting or attempting to collect an alleged debt without disclosing that the notice is a communication from a debt collector.

   **WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, demand judgment against the Defendants as follows:

a.  For certification of this matter as a class action, appointing the named Plaintiff as representative of the class, and appointing her attorneys as class counsel;

b.  For maximum statutory damages under the FDCPA (15 U.S.C. § 1692 et seq.) and all other applicable statutes;

c.  For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes;

d.  For pre-judgment and/or post-judgment interest; and

e.  For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher J. McGinn, Esq. and David C. Ricci, Esq., are hereby designated as trial counsel for the Plaintiff in the above matter.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party who should be joined in the action at this time.

Dated: May 16, 2018

David C. Ricci, Esq.
*Attorneys for Plaintiff and
the putative class*

Page 10 of 10

# Exhibit A

p.2

**NOTICE:** THIS IS A PUBLIC DOCUMENT, WHICH MEANS THE DOCUMENT AS SUBMITTED WILL BE AVAILABLE TO THE PUBLIC UPON REQUEST. THEREFORE, DO NOT ENTER PERSONAL IDENTIFIERS[1] ON IT.

| | |
|---|---|
| Attorney(s): | TERRY PHILIP GREEN, ESQ. |
| Attorney Id No.: | 233051996 |
| Law Firm: | GREEN & GREEN, ESQS. |
| Address: | 838 Easton Avenue, P.O. Box 5321 |
| | Somerset, NJ 08875-5321 |
| Telephone No.: | (732) 247-0770 |
| Fax No.: | (732) 214-1649 |
| E-mail: | greenlawfirm@aol.com |

FILE #8600-18

**WOODWEST REALTY (SOMERSET PARK),**

Plaintiff(s)/Landlord(s),

vs.

**ADRIENNE LYONS,**

Defendant(s)/Tenant(s)

RECEIVED ONLY FILED
SUPERIOR COURT - CIVIL
SOMERSET COUNTY

MAY 1 0 2017

DEPUTY CLERK
CIVIL DIVISION

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART

**SOMERSET** COUNTY

DOCKET NO.: LT- **1178-17**

CIVIL ACTION

# Verified Complaint
## Landlord/Tenant

☒ Non-payment of Rent
☐ Other (Required Notices Attached)

Address of Rental Premises: **311 Commons Way, Somerset, NJ 08873**

Tenant's Telephone No.: _____

1. The owner of record is **WOODWEST REALTY (SOMERSET PARK)**

2. Plaintiff is the owner or (check one)  ☐ agent,  ☐ assignee,  ☐ grantee or  ☐ prime tenant of the owner.

3. The landlord ☐ did  ☒ did not  acquire ownership of the property from the tenant(s).

4. The landlord ☐ has  ☒ has not  given the tenant(s) an option to purchase the property.

5. The tenant(s) now reside(s) in and has (have) been in possession of these premises since _**04/01/2012**_, under (check one) ☒ written  or  ☐ oral  agreement. (mm/dd/yyyy)

6. ☒ Check here if the tenancy is subsidized pursuant to either a federal or state program or the rental unit is public housing. The subsidized program is the **State of New Jersey, Division of Housing** located in **Somerville, NJ.**

7. The landlord has registered the leasehold and notified tenant as required by N.J.S.A. 46:8-27.

8. The amount that must be paid by the tenant(s) for these premises is $ **273.00** _____, payable on the _**1st**_ day of each ☒ month  or  ☐ week in advance.

## COMPLETE PARAGRAPHS 9A AND 9B IF COMPLAINT IS FOR NON-PAYMENT OF RENT

[1] Personal Identifiers include your Social Security No., Driver's License No., Vehicle Plate No., Insurance Policy No., Active Financial Account No., or Active Credit Card Numbers.

472s – Verified Complaint -Nonpayment of Rent
Appendix XI-X. R. 6:3-4(c). CN 11252
Rev. 8/16    P8/16



Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 1

p.3

9A.    There is due, unpaid and owing from tenant(s) to plaintiff/landlord(s) rent as follows:

| | |
|---|---|
| $234.40 | Balance of January, 2017 |
| $273.00 | Base Rent for February, 2017 |
| $273.00 | Base Rent for March, 2017 |
| $273.00 | Base Rent for April, 2017 |
| $273.00 | Base Rent for May, 2017 |
| $56.60 | Water Bill |
| $75.00 | 2nd Quarter Sewer Bill |
| $ | Attorney fees |
| $60.00 | Court Costs |
| $1,518.00 | TOTAL |

*The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal, state and local law (including rent control and rent leveling) and by the lease.

9B.    The date that the next rent is due is June 1, 2017.

If this case is scheduled for trial before that date, the total amount you must pay to have this complaint dismissed is $1,518.00. (Total from line 9A).

If this case is scheduled for trial on or after that date, the total amount you must pay to have this complaint dismissed is $1,791.00. (Total from line 9A plus the amount of the next rent due) This amount includes June's rent of $273.00.

* IF THIS CASE IS SCHEDULED FOR TRIAL ON OR AFTER JULY 1, 2017, THEN THE AMOUNT THAT YOU MUST PAY IS $2,064.00. THIS AMOUNT INCLUDES JULY'S RENT OF $273.00.

These amounts do not include late fees or attorney fees for Section 8 and public housing tenants. Payment may be made to the landlord or the clerk of the court at any time before the trial date, but on the trial date payment must be made by 4:40 p.m. to get the case dismissed.

CHECK PARAGRAPHS 10 AND 11 IF THE COMPLAINT IS FOR OTHER THAN OR IN ADDITIONAL TO NON-PAYMENT OF RENT. ATTACH ALL NOTICES TO CEASE AND NOTICES TO QUIT/DEMANDS FOR POSSESSION.

10.    _____ Landlord seeks a judgment for possession for the additional or alternative reason(s) stated in the notices attached to complaint. STATE REASONS:_____

_____

_____

11.    _X_ The tenant(s) has (have) not surrendered possession of the premises and tenant(s) hold(s) over and continue(s) in possession without the consent of the landlord.

WHEREFORE, plaintiff/landlord demands judgment for possession against the tenant(s) listed above, together with costs.

Dated: May 15, 2017

_____
TERRY PHILIP GREEN, ESQ.
Attorney at Law of the State of NJ

Page 2

# Exhibit B

p.2

NOTICE: THIS IS A PUBLIC DOCUMENT,
WHICH MEANS THE DOCUMENT AS
SUBMITTED WILL BE AVAILABLE TO THE
PUBLIC UPON REQUEST. THEREFORE, DO
NOT ENTER PERSONAL IDENTIFIERS[1] ON IT.

2017 23 A 9: 43

| | |
|---|---|
| Attorney(s): | TERRY PHILIP GREEN, ESQ. |
| Attorney Id No.: | 233051996 |
| Law Firm: | GREEN & GREEN, ESQS. |
| Address: | 838 Easton Avenue, P.O. Box 5321 |
| | Somerset, NJ 08875-5321 |

| | |
|---|---|
| Telephone No.: | (732) 247-0770 |
| Fax No.: | (732) 214-1649 |
| E-mail: | greenlawfirm@aol.com |

FILE #8600-18

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART

WOODWEST REALTY (SOMERSET PARK),

Plaintiff(s)/Landlord(s),

vs.

ADRIENNE LYONS,

Defendant(s)/Tenant(s)

SOMERSET COUNTY

DOCKET NO.: LT- 2025-17

CIVIL ACTION

# Verified Complaint
## Landlord/Tenant

[X] Non-payment of Rent
[ ] Other (Required Notices Attached)

Address of Rental Premises: 311 Commons Way, Somerset, NJ 08873

Tenant's Telephone No.:

1. The owner of record is WOODWEST REALTY (SOMERSET PARK)

2. Plaintiff is the owner or (check one) [ ] agent, [ ] assignee, [ ] grantee or [ ] prime tenant of the owner.

3. The landlord [ ] did [X] did not acquire ownership of the property from the tenant(s).

4. The landlord [ ] has [X] has not given the tenant(s) an option to purchase the property.

5. The tenant(s) now reside(s) in and has (have) been in possession of these premises since ___04/01/2012___, under (check one) [X] written or [ ] oral agreement. (mm/dd/yyyy)

6. [X] Check here if the tenancy is subsidized pursuant to either a federal or state program or the rental unit is public housing.
The subsidized program is the State of New Jersey; Division of Housing located in Somerville, NJ

7. The landlord has registered the leasehold and notified tenant as required by N.J.S.A. 46:8-27.

8. The amount that must be paid by the tenant(s) for these premises is $ 273.00 _____, payable on the ___1st___ day of each [X] month or [ ] week in advance.

COMPLETE PARAGRAPHS 9A AND 9B IF COMPLAINT IS FOR NON-PAYMENT OF RENT

---

[1] Personal Identifiers include your Social Security No., Driver's License No., Vehicle Plate No., Insurance Policy No., Active Financial Account No., or Active Credit Card Numbers.

172s - Verified Complaint - Nonpayment of Rent
Appendix XI-X, R. 6:3-4(c), CN 11252
Rev. 8/16  P&T3

Powered by
HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800.222.0510  Page 1

9A. There is due, unpaid and owing from tenant(s) to plaintiff/landlord(s) rent as follows:

$ __105.00__ Base Rent for balance of June, 2017 _____ (specify the week or month)

$ __273.00__ Base Rent for July, 2017 _____ (specify the week or month)

$ __273.00__ Base Rent for August, 2017 _____ (specify the week or month)

$ _____ Late Charge* for _____ (specify the week or month)

$ __56.60__ Water Bill _____ (specify the week or month)

$ __75.00__ 3rd Quarter Sewer Bill _____ (specify the week or month)

$ _____ Attorney Fees* _____

$ _____ Other* (specify) _____

$ __60.00__

$ __842.60__ TOTAL

*The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal, state and local law (including rent control and rent leveling) and by the lease.

9B. The date that the next rent is due is __09/01/2017__ (mm/dd/yyyy).

If this case is scheduled for trial before that date, the total amount you must pay to have this complaint dismissed is $ __842.60__ . (Total from line 9A)

If this case is scheduled for trial on or after that date, the total amount you must pay to have this complaint dismissed is $ __1,115.60__ . (Total from line 9A plus the amount of the next rent due)
This amount includes September's rent of $273.00.
These amounts do not include late fees or attorney fees for Section 8 and public housing tenants. Payment may be made to the landlord or the clerk of the court at any time before the trial date, but on the trial date payment must be made by 4:30 p.m. to get the case dismissed.

CHECK PARAGRAPHS 10 AND 11 IF THE COMPLAINT IS FOR OTHER THAN OR IN ADDITION TO NON-PAYMENT OF RENT. ATTACH ALL NOTICES TO CEASE AND NOTICES TO QUIT/DEMANDS FOR POSSESSION.

10. ☐ Landlord seeks a judgment for possession for the additional or alternative reason(s) stated in the notices attached to this complaint. State Reasons: _____

* IF THIS CASE IS SCHEDULED FOR TRIAL ON OR AFTER OCTOBER 1, 2017, THEN THE TOTAL AMOUNT YOU MUST PAY IS $1,388.60. THIS AMOUNT INCLUDES OCTOBER'S RENT OF $273.00.

_____

_____

_____ ☐ Additional Sheets Attached

11. ☒ The tenant(s) has (have) not surrendered possession of the premises and tenant(s) hold(s) over and continue(s) in possession without the consent of the landlord.

WHEREFORE, plaintiff/landlord demands judgment for possession against the tenant(s) listed above, together with costs.

Dated: August 18, 2017 _____

*Terry Philip Green, Esq.*

TERRY PHILIP GREEN, ESQ.

Attorney at Law of the State of NJ

*Attorney or Landlord Pro Se – Print name and title below line*

472s – Verified Complaint–Nonpayment of Rent
Appendix XI-X  R. 6:3-4(c). CN 11252
Rev. 8/16   Page 6

Powered by HOTDOCS

Printed by ALL-STATE LEGAL*
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510          Page 2

# LANDLORD VERIFICATION

1. I certify that I am the ☐ landlord, ☐ general partner of the partnership, or ☒ authorized officer of a corporation or limited liability company that owns the premises in which the tenant(s) reside(s).

2. I have read the verified complaint and the information contained in it is true and based on my personal knowledge.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and no other parties should be joined in this action, except (list exceptions or indicate none):

_____
_____
_____
_____
_____
_____
_____                    ☒ None.

4. I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

5. The foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

At the trial Plaintiff will require:

An interpreter:                    ☐ Yes    ☒ No    Indicate Language: _____

An accommodation for a disability: ☐ Yes    ☒ No    Requested accommodation: _____

Dated: August 18, 2017                    _Yair Hindin_

**YAIR HINDIN**
**Authorized Officer**

*Landlord, Partner or Officer's Signature – Print name and title below line*

_____

*Landlord, Partner or Officer's Signature – Print name and title below line*

472s – Verified Complaint – Nonpayment of Rent
Appendix XI-X   R. 6:3-4(c)   CN 11252
Rev. 8/16    P&16

Powered by
HOTdocs

Printed by ALL-STATE LEGAL
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 3

# Exhibit C

*Called Court on 9/18/17*
*Case is still open*

**GREEN AND GREEN**
ATTORNEYS AT LAW
838 EASTON AVENUE
P.O. BOX 5321
SOMERSET, N.J. 08875-5321

(732) 247-0770
FAX (732) 214-1649

JEFFREY C. GREEN
TERRY PHILIP GREEN

REFER TO FILE #

September 1, 2017

8600-18

Ms. Adrienne Lyons
311 Commons Way
Somerset, NJ 08873

RE:  Woodwest Realty (Somerset Park) vs. Adrienne Lyons
     Docket No.:        LT-002025-17
     New Court Date:    October 20, 2017

Dear Tenant(s):

Please be advised that the above matter which was originally scheduled for Friday, September 22, 2017 has been adjourned and rescheduled to **FRIDAY, OCTOBER 20, 2017 @ 8:30 A.M.**, at the Somerset County Courthouse. You will be receiving an updated Notice, from the Court, advising same.

If you have any questions, please do not hesitate to contact Yair Hindin at the Management Office at (732) 846-0806.

Very truly yours,

Terry Philip Green
TPG/nd

cc:    Oxford Realty Group - Via Email (yhindin@oxfordrealtygroup.com)
       Attn:  Mr. Yair Hindin

       State of New Jersey
       Department of Community Affairs / Division of Housing
       Attn:  Donnis Jackson, Case Worker
       75 Veterans Memorial Drive East, Suite 202, Somerville, NJ 08876

Plaintiff or Plaintiff's Attorney Information:

Name: TERRY PHILIP GREEN, ESQ.

Attorney Id No.: 254461969

Address: 838 Easton Avenue, P.O. Box 5321

Somerset, NJ 08875-5321

Telephone No.: (732) 247-0770

FILE #8600-18

WOODWEST REALTY (SOMERSET PARK),

Plaintiff(s)

vs.

ADRIENNE LYONS,

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
SOMERSET COUNTY

SOMERSET COUNTY COURTHOUSE

20 North Bridge Street, Somerville, NJ 08876

( 908 ) 231-7054

DOCKET NO.: LT- ᑎᗅᔑ – ᑌᏚ
(to be provided by the court)

CIVIL ACTION

## Summons

Landlord/Tenant - R. 6:2-1

[X] Nonpayment
[ ] Other

Defendant Information:

Name: ADRIENNE LYONS,                                         Telephone No.:

Address: 311 Commons Way, Somerset, NJ 08873

NOTICE TO TENANT: The purpose of the attached complaint is to permanently remove you and your belongings from the premises. If you want the court to hear your side of the case you must appear in court on this date and time:

APR 2 0 2018    at    8:30    (a.m.)/p.m., or the court may rule against you.

REPORT TO: JURY ASSEMBLY ROOM

If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at (908) 231-0840. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Service of your local county Bar Association at (908) 685-2323.

You may be eligible for housing assistance. To determine your eligibility, you must immediately contact the welfare agency in your county at 73 E. High Street, Somerville, NJ phone number (908) 526-8800.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

476a - Tenancy Summons and Return of Service.
Appendix XI-B - CN 10582
Rev. 7/28/10   P3/5

Produced by
HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

... icas Legales (Legal Services) al (908) 231-0840 . Si tiene r. ... ro para pagar a un abogado pero
... noce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio d...
...grados (Bar Association) de su condado local al (908) 685-2323 .

... Es posible que pueda recibir asistencia con la vivienda si se comunica con la agencia de asistencia publica (welfare
agency) de su condado al 73 E. High Street, Somerville, NJ
teléfono (908) 526-8800

Si necesita un intérprete o alguna acomodación para un impedimento físico, tiene que notificárselo inmediatamente al
tribunal.

Date: 4-6-18

_____, Esq.
Clerk of Superior Court of the Special Civil Part

## COURT OFFICER'S RETURN OF SERVICE (FOR COURT USE ONLY)

Docket Number: _____ Date: _____ Time: _____

WM____ WF____ BM____ BF____ Other____ HT____ WT____ AGE____ Mustache___ Beard___ Glasses___

NAME: _____ RELATIONSHIP: _____
Efforts Made to Personally Serve _____

_____

Description of Premises if posted _____

_____
_____
_____
_____

I hereby certify the above to be true and accurate: _____

Special Civil Part Officer



Printed by ALL-STATE LEGAL
A Division of ALL-STATE International, Inc.
www.aslegal.com   800 222.0510        Page 2

...IC UPON REQUEST. THER...ORE, DO
...ENTER PERSONAL IDENTIFIERS[1] ON IT.

| | |
|---|---|
| Attorney(s): | TERRY PHILIP GREEN, ESQ. |
| Attorney Id No.: | 233051996 |
| Law Firm: | GREEN & GREEN, ESQS. |
| Address: | 838 Easton Avenue, P.O. Box 5321 |
| | Somerset, NJ 08875-5321 |
| Telephone No.: | (732) 247-0770 |
| Fax No.: | (732) 214-1649 |
| E-mail: | greenlawfirm@aol.com |

FILE #8600-18

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**
**SOMERSET COUNTY**

DOCKET NO.: LT - 005 - 18

CIVIL ACTION

WOODWEST REALTY (SOMERSET PARK),

Plaintiff(s)/Landlord(s)

vs.

ADRIENNE LYONS,

Defendant(s)/Tenant(s)

# Verified Complaint
## Landlord/Tenant

☒ Non-payment of Rent.
☐ Other (Required Notices Attached)

Address of Rental Premises: 311 Commons Way, Somerset, NJ 08873

Tenant's Telephone No.:

1. The owner of record is WOODWEST REALTY (SOMERSET PARK)

2. Plaintiff is the owner or (check one) ☐ agent, ☐ assignee, ☐ grantee or ☐ prime tenant of the owner.

3. The landlord ☐ did ☒ did not acquire ownership of the property from the tenant(s).

4. The landlord ☐ has ☒ has not given the tenant(s) an option to purchase the property.

5. The tenant(s) now reside(s) in and has (have) been in possession of these premises since ___04/01/2012___, under (check one) ☒ written or ☐ oral agreement.  (mm/dd/yyyy)

6. ☒ Check here if the tenancy is subsidized pursuant to either a federal or state program or the rental unit is public housing. The subsidized program is the State of New Jersey, Division of Housing, located in Somerville, NJ.

7. The landlord has registered the leasehold and notified tenant as required by N.J.S.A. 46:8-27.

8. The amount that must be paid by the tenant(s) for these premises is $ 273.00 _____, payable on the ___1st___ day of each ☒ month or ☐ week in advance.

## COMPLETE PARAGRAPHS 9A AND 9B IF COMPLAINT IS FOR NON-PAYMENT OF RENT

[1] Personal Identifiers include your Social Security No., Driver's License No., Vehicle Plate No., Insurance Policy No., Active Financial Account No., or Active Credit Card Numbers.

4723 - Verified Complaint - Nonpayment of Rent
Appendix XI-X, R. 6:3-4(c), CN 11252
Rev. 8/16     P#16

Powered by
HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com · 800.222.0510     Page 1

is due, unpaid and owing    on tenant(s) to plaintiff/landlord(s) rent as follo

| | | |
|---|---|---|
| $ 185.74 | Base Rent for balance of December, 2017 | (specify the week or month) |
| $ 273.00 | Base Rent for January, 2018 | (specify the week or month) |
| $ 273.00 | Base Rent for February, 2018 | (specify the week or month) |
| $ 273.00 | Base Rent for March, 2018 | (specify the week or month) |
| $ 56.60 | Water Bill | (specify the week or month) |
| $ 77.50 | 1st Quarter Sewer Bill | (specify the week or month) |
| $ | Attorney Fees | |
| $ | Other (specify) | |
| $ 60.00 | | |
| $ 1,198.84 | TOTAL | |

The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal, state and local law (including rent control and rent leveling) and by the lease.

9B. The date that the next rent is due is  04/01/2018                           (mm/dd/yyyy).

If this case is scheduled for trial before that date, the total amount you must pay to have this complaint
dismissed is $ 1,198.84                        . (Total from line 9A)

If this case is scheduled for trial on or after that date, the total amount you must pay to have this complaint
dismissed is $ 1,471.84                        . (Total from line 9A plus the amount of the next rent due)
This amount includes April's rent of $273.00.

These amounts do not include late fees or attorney fees for Section 8 and public housing tenants.  Payment may be made to
the landlord or the clerk of the court at any time before the trial date, but on the trial date payment must be made by 4:30
p.m. to get the case dismissed.

CHECK PARAGRAPHS 10 AND 11 IF THE COMPLAINT IS FOR OTHER THAN OR IN ADDITION TO NON-PAYMENT OF RENT. ATTACH ALL NOTICES TO CEASE AND NOTICES TO QUIT/DEMANDS FOR POSSESSION.

10. ☐ Landlord seeks a judgment for possession for the additional or alternative reason(s) stated in the notices attached
to this complaint. State Reasons:

IF THIS CASE IS SCHEDULED FOR TRIAL ON OR AFTER MAY 1, 2018, THEN THE TOTAL AMOUNT

YOU MUST PAY IS $1,744.84.  THIS AMOUNT INCLUDES MAY'S RENT OF $273.00.

☐ Additional Sheets Attached

11. ☒ The tenant(s) has (have) not surrendered possession of the premises and tenant(s) hold(s) over and continue(s) in
possession without the consent of the landlord.

WHEREFORE, plaintiff/landlord demands judgment for possession against the tenant(s) listed above, together with costs.

Dated: March 19, 2018



TERRY PHILIP GREEN, ESQ.

Attorney at Law of the State of NJ

*Attorney or Landlord Pro Se—Print name and title below line*

Posted by
HOTdocs

Printed by ALL-STATE LEGAL
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510     Page 2

# Exhibit "B"

SUMMONS

| | |
|---|---|
| Attorney(s) | Law Office of David C. Ricci, LLC |
| Office Address | 51 JFK Parkway |
| | First Floor West |
| Town, State, Zip Code | Short Hills, NJ 07078 |
| Telephone Number | (973) 218-2627 |
| Attorney(s) for Plaintiff | David C. Ricci, Esq. |

ADRIENNE LYONS, on behalf of herself and

all others similarly situated,

      Plaintiff(s)

Vs.
TERRY P. GREEN, and GREEN & GREEN, ESQS.

      Defendant(s)

**Superior Court of
New Jersey**

| | |
|---|---|
| Somerset | COUNTY |
| Law | DIVISION |

Docket No: SOM-L-646-18

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle Smith*
Clerk of the Superior Court

DATED:     05/26/2018

Name of Defendant to Be Served:     Terry P. Green

Address of Defendant to Be Served:     Green and Green, Esqs., 838 Easton Ave, Ste 100, Somerset, NJ 08875

Revised 11/17/2014, CN 10792-English (Appendix XII-A)