IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIENNE LYONS, on behalf of herself and all others similarly situated,<br>Plaintiff,<br><br>vs.<br><br>TERRY P. GREEN, and GREEN & GREEN, ESQS.<br>Defendants. | Civil Action<br>No. 3:18-cv-11143<br>(TJB)<br><br>[~~PROPOSED~~]<br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

**THIS MATTER** presented for hearing before the Honorable Tonianne J. Bongiovanni, U.S.M.J., at a Fairness Hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Settlement Class Counsel's application for an award of attorneys' fees and costs, and to consider the service award to the Plaintiff; and the Plaintiff and Settlement Class members being represented by Interim Class Counsel and Defendants being represented by their attorneys;

AND THE COURT, having read and considered the Settlement Agreement and the papers filed by Interim Class Counsel, having reviewed and considered Plaintiff's brief and the declarations submitted in support of the application, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1.      This litigation was commenced against Defendants in the Superior Court of New Jersey, Law Division, Somerset County, and removed to this Court by the Defendants as a class action against Defendants Green & Green, Esq. and Terry P. Green (collectively "Defendants").

2. In her class action Complaint, Plaintiff alleged that Defendants violated the Fair Debt Collections Practices Act, 15 *U.S.C.* §1692, *et seq.* ("FDCPA") in connection with landlord-tenant lawsuits filed in New Jersey Superior Court (the "Litigation").

3. Defendants deny the allegations in the Litigation, as well as any wrongdoing and/or liability arising out of Plaintiff's claims in the Litigation.

4. The parties have represented that the settlement was a result of extensive and prolonged arms-length negotiations.

5. Plaintiff and her counsel, who are experienced in the area of consumer class actions, have determined that the terms of the Settlement Agreement are adequate, fair, and reasonable and in the best interest of the proposed Settlement Class.

6. A copy of the executed Settlement Agreement has been filed as ECF Document 19-2 (Exhibit 2).

7. The Settlement Class is defined as:

> Each similarly situated natural person to whom Defendants, on or after May 16, 2017, either sent a notice to that person at a New Jersey address collecting or attempting to collect an alleged debt on behalf of another without disclosing that the notice is a communication from a debt collector or against whom Defendants filed a summary dispossess lawsuit on behalf of another under a New Jersey residential lease without first reviewing the lease or other documents on which such lawsuit was based, or where the lawsuit sought as unpaid rent any unidentified fees or charges.

8. The Court has considered the benefits that the settlement will confer on the Settlement Class, which is the equal distribution to the Settlement Class of $14,409 to be paid by the Defendant. This amount constitutes 100% of the maximum that could have been achieved at trial under the Fair Debt Collection Practices Act. The Defendants will pay for the cost of Settlement Administration and the fees and expenses of Interim Class Counsel.

9.   Members of the Settlement Class who have not opted out will automatically be directly mailed a check with no "claims made" process. Funds from any uncashed checks will be paid as a charitable contribution to the Civil Justice Clinic of Rutgers Law School, Newark Campus. Thus, the entirety of the $14,409 will be distributed.

10.   Under the settlement, the amount of attorney's fees was not negotiated until after the execution of the Settlement Agreement. The parties negotiated and resolved the issue of attorney's fees to be paid to Interim Class Counsel, subject to Court approval. The parties ultimately reached an agreement whereby the Defendants would pay Interim Class Counsel, subject to Court approval, the amount of $36,000 for all attorney's fees and costs.

11.   Pursuant to District of New Jersey Local Civil Rule 72.1(a), the Parties have consented to the jurisdiction of the Hon. Tonianne J. Bongiovanni, U.S.M.J.

12.   Defendants have represented that they have complied with the provision in the Settlement Agreement regarding the service of the Notifications to appropriate officials as required by the Class Action Fairness Act ("CAFA") (28 U.S.C. §1332(d), §1715) within the required time period.

13.   On November 21, 2019, the Court held a telephonic hearing on Plaintiff's application that the Court determine whether a front-end determination should be made that it was appropriate to send Notice to the proposed Settlement Class under Rule 23(c)((2)(B); to appoint Plaintiff's Counsel as Interim Class Counsel to represent the proposed Settlement Class pursuant to Rule 23(g)(3); to schedule a hearing to determine if the proposed Settlement is fair, reasonable, and adequate pursuant to Rule 23(e)(2).

14.   On November 21, 2019, the Court entered an order granting that application for such a front end determination.

15. Pursuant to Fed. R. Civ. P. 23(g)(3), the Court appointed Plaintiff's attorneys David C. Ricci of the Law Office of David C. Ricci, LLC and Christopher J. McGinn of The Law Office of Christopher J. McGinn to serve as Interim Class Counsel.

16. The Court appointed Atticus Administration, LLC to serve as the Settlement Administrator and to be responsible for administering the Settlement Notice according to the terms set forth in the Settlement Agreement and as Ordered herein.

17. Pursuant to the Court's November 21, 2019 Order, Notice was mailed to the 210 members of the Settlement Class. The Settlement Administrator has reported to the Court that: 196 of the 210 Class Members were successfully mailed the Notice and only one person requested to be excluded from the Settlement Class.

18. The Court and Class Counsel have not received any objections to the Settlement.

19. Plaintiff now requests final approval of the Settlement.

20. The Court has considered the Settlement Agreement, the brief and declarations submitted in support of it, the accompanying documents and the record.

21. The Court finds that the Settlement Class has satisfied the following prerequisites for class certification:

    a. The approximately 209 members (including the Named Plaintiff and excluding the person requesting exclusion) of the above-defined Settlement Class are so numerous that joinder of all members is impracticable.

    b. There are questions of law and fact common to the Settlement Class.

    c. The claims of the Class Representative are typical of the claims of the Settlement Class.

    d. The Class Representative has fairly and adequately represented the interests of the Settlement Class and that there are no conflicts of interest between the Class Representative and members of the Settlement Class.

    e.    The Settlement Class's membership is readily ascertainable and has in fact been ascertained.

    f.    The common issues of law and fact predominate over any questions affecting only individual members of the Settlement Class.

    g.    Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the claims of Plaintiff and the Settlement Class.

22.    The Court has found that the Settlement was negotiated at arm's length.

23.    The Court has found that the relief provided to the Settlement Class is adequate, taking into account the following factors set forth in Rule 23(e)(2): (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class, which involves direct relief without Settlement Class Members having to submit claims; and (iii) the terms of the proposed award of attorney's fees, including timing of payment.

24.    The Court has determined that the Settlement treats Settlement Class Members equitably relative to each other.

25.    The Court therefore finds that the Settlement is fair, reasonable and adequate.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

26.    The Court has jurisdiction over the subject matter of this matter and over all parties hereto pursuant to 28 U.S.C. § 1332(d).

27.    The Settlement Class is certified in accordance with Federal Rule of Civil Procedure ("Rule") 23(a) and 23(b)(3).

28.    Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiff Adrienne Lyons fairly and adequately represents and protects the interests of the Settlement Class and appoints her as Class Representative.

29. The Court has considered:(i) the work performed by Interim Class counsel in identifying or investigating potential claims in the action; (ii) the experience of Interim Class Counsel in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) Interim Class Counsel's knowledge of the applicable law; and the resources that Interim Class Counsel have and will continue to commit to representing the class, the Court appoints Interim Class Counsel David C. Ricci of the Law Office of David C. Ricci, LLC and Christopher J. McGinn of The Law Office of Christopher J. McGinn to serve as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

30. The application for Final Approval of the Settlement is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order. The terms of the Settlement Agreement are hereby approved, adopted, and incorporated by the Court in this Order.

31. Each Settlement Class Member who has not properly and timely excluded himself or herself from the Settlement shall be bound by the provisions of the Settlement Agreement, without exceptions.

32. Adeyemi S. Adebayo is excluded from the Settlement Class, pursuant to his request.

33. The Settlement Administrator and the Parties shall implement the terms of the Settlement Agreement in the manner set forth in the Settlement Agreement.

34. The Court approves the Defendant's payment to Plaintiff Adrienne Lyons in the amount of $6,000 in recognition of her efforts on behalf of the Settlement Class and to settle her individual claims. The Defendant shall deliver her check in the manner prescribed in the Settlement Agreement within ten days of the date of this Order.

35. The Court, after review of the time entries and rates and expenses requested by Class Counsel, and after applying the appropriate standards required by <u>Rendine v. Pantzer</u>, 141 N.J. 292 (1995), other relevant case law governing attorneys' fees awards and the factors set forth in R.P.C. 1.5(a), hereby grants Class Counsel's application for attorneys' fees and costs in the agreed-upon amount of $36,000. This amount includes all reasonable fees for time already spent and time to be spent, including finalizing the Settlement Agreement, preparing settlement documents, drafting briefs, attending hearings, and monitoring of the Settlement, conducting confirmatory discovery, and the costs and expenses incurred in the matter. The Defendant shall make this payment in the manner set forth in the Settlement Agreement.

36. The amount for attorneys' fees and costs is in addition to the settlement benefits each Settlement Class member will be receiving and is the sole property of Settlement Class Counsel, not Plaintiff or the Settlement Class. The Court finds that this award is fair and reasonable.

37. Pursuant to the Settlement Agreement, the Plaintiff and each Settlement Class Member, for themselves, their heirs, successors and assigns have jointly and severally remised, released, acquitted and forever discharged Defendants, including any and all past and present partners, members, officers, directors, shareholders, employees, agents, successors, insurers and assigns of Green & Green, Esqs., of and from any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements, promises, damages, judgments, demands, liabilities and obligations in law or in equity that Plaintiff and the Settlement Class Members, asserted or could have asserted as a result of, arising out of, or in connection with the practices described in the Complaint in this action as they relate to alleged violations of the FDCPA due to either (1) Defendants sending a notice collecting or attempting to collect an

alleged debt on behalf of another without disclosing that the notice is a communication from a debt collector; or (2) Defendants filing a summary dispossess lawsuit on behalf of another under a New Jersey residential lease without first reviewing the lease or other documents on which such lawsuit was based, or where the lawsuit sought as unpaid rent any unidentified fees or charges.

38. Pursuant to the Settlement Agreement, Plaintiff and the other members of the Settlement Class are permanently barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining or consenting to any action or other proceedings, whether by intervention, joinder or otherwise, for any released claim against the Defendants in any court of law or equity, arbitration, tribunal, administrative proceeding or other forum. This Litigation and all the claims in the Litigation are dismissed on the merits and with prejudice.

39. The Court retains exclusive and continuing jurisdiction of the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated: March 31, 2020

_Tonianne J. Bongiovanni_
HON. TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

DE #27 is terminated